**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 05-4634**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ALLEN GAYLORD GRAVES,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle
District of North Carolina, at Durham.  William L. Osteen, District
Judge.  (CR-04-448)

_____

Submitted:  February 17, 2006        Decided:  March 10, 2006

_____

Before WILKINSON, LUTTIG, and WILLIAMS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Louis C. Allen, III, Federal Public Defender, Greensboro, North
Carolina, for Appellant.  Michael Francis Joseph, Assistant United
States Attorney, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Allen Gaylord Graves appeals his convictions and seventy-month sentence imposed following his guilty plea to four counts of bank robbery, in violation of 18 U.S.C. § 2113(a) (2000). Graves' counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there were no meritorious grounds for appeal but questioning whether the court should have recused itself because it owned a small percentage of stock in one of the victim banks. Graves was notified of his opportunity to file a pro se supplemental brief but has not done so. Finding no error, we affirm.

Because Graves did not object to his sentence below, we review it for plain error. See Fed. R. Crim. P. 52(b). To meet the plain error standard: (1) there must be an error; (2) the error must be plain; and (3) the error must affect substantial rights. United States v. Olano, 507 U.S. 725, 732-34 (1993). If the three elements of plain error are met, this court exercises its discretion to notice error only if the error seriously affects "the fairness, integrity, or public reputation of judicial proceedings." Id. at 736 (citation omitted).

In United States v. Sellers, 566 F.2d 884, 887 (4th Cir. 1977), we noted that in accordance with 28 U.S.C. § 455, a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Further, a judge

shall disqualify himself when "[h]e knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding." 28 U.S.C. § 455(b)(4). However, for recusal to be mandatory, there must be a "reasonable factual basis for doubting the judge's impartiality." Sellers, 566 F.2d at 887 (citation omitted).

Here, the district court informed Graves on two occasions that it owned a small percentage of stock in one of the victim banks, gave Graves the opportunity to object, and Graves did not do so. After a comprehensive hearing, during which the court considered Graves' individual circumstances, the court sentenced Graves at the low end of the guidelines range. We therefore find no "reasonable factual basis for doubting the judge's impartiality." Thus, the district court did not err when it did not voluntarily recuse itself. Even if plain error occurred, we conclude the error did not affect Graves' substantial rights because his sentence was at the lowest end of a properly calculated guidelines range. For the same reason, we also conclude that his sentence was reasonable. See United States v. Green, ___ F.3d ___, 2006 WL 267217 (4th Cir. Feb. 6, 2006) (No. 05-4270).

In accordance with the requirements of <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal. Accordingly, we affirm Graves' convictions and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>